STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT
NO: CW 07-01552

**Judgment rendered and mailed to all
parties or counsel of record on
February 6, 2008.**

T. S. L., born C.
VERSUS
G. L.

FILED: 12/12/07

On application of T. S. L. for Supervisory Writ in No. 2003-6767 on the docket of the Fourteenth Judicial District Court, Parish of Calcasieu, Honorable Lilynn Annette Cutrer.

Catherine Louise Stagg

Counsel for:
T. S. L.

Kathleen Kay

Counsel for:
G. L.

Lake Charles, Louisiana, on February 6, 2008.

**WRIT GRANTED AND MADE PEREMPTORY.** We find that the trial court abused its discretion in denying relator's motion to disqualify counsel. A lawyer is responsible for the conduct of their nonlawyer employees, and the lawyer "having direct supervisory authority over the nonlawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer." La.Rules Prof.Conduct Rule 5.3. Without informed, written consent, a lawyer is prohibited from representing a person in the same or substantially related matter in which a firm with which the lawyer was previously associated represented a client with materially adverse interests from the person or "about whom the lawyer had acquired information protected by Rules 1.6 and 1.9(c) that is material to the matter." La.Rules Prof. Conduct Rule 1.9(b). Here, a paralegal employed by the attorney for respondent had prior access to relator's privileged information while working for relator's former counsel. Therefore, because respondent's

counsel is responsible for the conduct of her employees and because her paralegal has a direct conflict of interest in this case, this conflict disqualifies her from representing respondent. Therefore, we reverse, set aside, and vacate the trial court's ruling. We remand this matter to the trial court for further action in accordance with this ruling.

| | | |
|---|---|---|
| J. D. S. | J. C. P. | M. G. S. |